# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**UNITED STATES OF AMERICA,** :
:
    Plaintiff, :
:
    v. :
: Civil Action No. 5:07-cv-5(HL)
**$14,605.00 IN UNITED STATES** :
**FUNDS,** :
:
    Defendant Property, :
:
**and** :
:
**CLEON GEORGE COLI,** :
:
    Claimant. :
_____

# **ORDER**

The United States has filed a Motion to Strike Responsive Pleading and Memorandum in Support (Doc. 15), which consists of two paragraphs of discussion. Counsel for claimant has failed to file any response to the Motion. The Motion asks the Court "to strike the pleading named 'Defendants' Aswer [sic] and Defenses' filed in the above-referenced case on January 31, 2007." (Mot. at 1.) The Motion also states that the responsive pleading of claimant, Cleon George Coli, "was submitted contrary to the provisions of Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims." (Mot. at 1.) Rule G(8)(c) of the Supplemental Rules authorizes the Government to move to strike an answer for failing to comply with Rule G(5). Fed. R. Civ. P. Supp. R. G(8)(c)(i). However, the Government has

offered nothing by way of argument or authority to explain how the responsive pleading is contrary to the provisions of Rule G(5) or to show that striking the pleading is the appropriate relief.[1] Accordingly, insofar as the Government's Motion seeks to have the Defendant's Answer and Defenses stricken in its entirety, the Motion is denied. If the Government is serious about its intentions to pursue a motion to strike the answer, it may file another motion, supported by a thorough memorandum of law and relevant case law.

The Court has denied, in part, the relief sought by the Government in spite of Claimant's failure to respond to the Motion. Claimant should understand that he may not rely on the Court to make his arguments on his behalf. Claimant's failure to respond to future motions may seriously jeopardize any chance of success he may have in this matter.

The Government also seeks to have those portions of Claimant's prayer for relief enumerated (c) and (e) stricken because they are immaterial, scandalous and impertinent to this *in rem* forfeiture action. In the prayer for relief (c), Claimant asks that "appropriate legal and civil action be brought against Deputy Crane of the Lamar County Sheriff's Office." (Def.'s Answer ¶ 24.) In the prayer for relief (e), Claimant asks that "this Court issue a criminal warrant for the arrest of Deputy Crane of the Lamar County Sheriff's Office for his apparent

---

[1] Rule G(5) is set out in two subparts. Subpart (a) sets forth the procedure for filing a claim; subpart (b) sets out the procedure for filing an answer. With respect to an answer, subpart (b) says, "A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim." Fed. R. Civ. P. Supp. R. G(5)(b). Claimant never filed a claim. This may be the basis for the Government's contention that the responsive pleading is contrary to the provisions of Rule G(5). However, the Government has not elaborated as to the basis for its claim and the Court declines to speculate. More importantly, the Government has failed to offer any support for its contention that striking the answer is an appropriate remedy.

criminal conduct." (Def.'s Answer ¶ 24.) The Court finds that these requests are immaterial, in that they seek relief that is not available within this forfeiture proceeding.[2] Accordingly, the Motion is granted insofar as it seeks to have parts (c) and (e) stricken from Defendant's answer.

In sum, the Government's request to strike Defendant's Answer and Defenses is denied. The Government's request to strike those portions of the prayer for relief marked (c) and (e) is granted and they are hereby stricken. The Court grants, in part, the relief requested by the Government in spite of, not because of, the Government's Motion, which is deficient in every respect save that of the caption, and the Government is admonished that future lackluster motions will receive little consideration by the Court.

**SO ORDERED**, this the 11th day of April, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls

---

[2] Unlike the request to strike Defendant's Answer, the basis for the Government's request to strike the portions of the prayer for relief are apparent on the face of the Motion. Moreover, Claimant, who has not responded to the Motion, has not offered any argument in opposition to the request to strike the language in the prayer for relief.