# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 5:07-cv-5(HL) |
| **$14,605.00 IN UNITED STATES** : | |
| **FUNDS,** : | |
| : | |
| Defendant Property, : | |
| : | |
| **and** : | |
| : | |
| **CLEON GEORGE COLI,** : | |
| : | |
| Claimant. : | |

# **ORDER**

The United States has filed a Motion to Strike Answer (Doc. 21), in which it asks the Court to strike the answer of Claimant, Cleon George Coli, because of his failure to file a verified claim. Coli opposes the Motion. After consideration of the Motion, the Court hereby denies the same, as more fully set forth below.

The United States filed a verified complaint for forfeiture on January 3, 2007. In the complaint, the United States alleged that $14,605.00 in United States funds were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). Coli received notice of the Government's action on January 8, 2007. Coli, through his attorney of record, filed an answer to the verified complaint on January 31, 2007, but never filed a claim to the property.

The Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter Supplemental Rules) set forth the procedures for responding to forfeiture actions. Specifically, Supplemental Rule G(5) states, "A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i) (West Supp. 2007). Supplemental Rule G(5) also sets the time within which the claim must be filed,[1] and directs that a claimant must serve and file an answer to the complaint within 20 days after the filing of the claim. Supp. R. G(5)(a)(ii) and G(5)(b) (West Supp. 2007).

In this case it is undisputed that Coli filed an answer but failed to file the claim required by Supplemental Rule G(5). In moving to strike Coli's answer the Government maintains that the failure to file the claim was fatal because, among other things, the absence of the verified claim deprives Coli of standing to pursue the claim. Coli argues that the filing of the answer, in which he asserted his interest in the seized property, was sufficient to convey standing to assert a claim for the property. Alternatively, he argues that the interests of justice would best be served by allowing him additional time to file the claim required by Supplemental Rule G(5), noting that Rule G(5)(ii) allows the Court to set a different time for filing a claim.

As the Government notes, the verified claim required by Rule G(5) confers statutory standing upon the claimant in a forfeiture proceeding. Moreover, the filing of the verified claim

---

[1] The time within which a claim must be filed varies depending on how notice of the forfeiture was received. Supp. R. G(5)(a)(ii). Here, claimant's attorney received direct notice of the forfeiture; the notice stated that the claim was to be filed within 35 days of service of the complaint.

"provides 'the government with timely notice of a claimant's interest in contesting the forfeiture and, by requiring a sworn claim, to deter the filing of false claims.'" United States v. $125,938.62, 370 F.3d 1325, 1328 (11th Cir. 2004) (quoting United States v. $175,918.00 in U.S. Currency, 755 F. Supp. 630, 632 (S.D.N.Y. 1991)). As the United States Court of Appeals for the Eleventh Circuit noted in $125,938.62, "A district court 'may require claimants in forfeiture proceedings to comply strictly with the rule's requirements in presenting claims to the court.'" Id. at 1328-29 (quoting 37 C.J.S. Forfeitures § 23). However, as the Eleventh Circuit also noted, "the court may exercise its discretion by extending the time for the filing of a verified claim." Id. at 1329.

Here, the Government received timely notice of Coli's interest in contesting the forfeiture when Coli filed an answer to the verified complaint. Thus, the Government was made aware early that Coli was putting forth an interest in the seized currency. Furthermore, there is nothing in the record to suggest that the Government would be prejudiced by the late filing of a verified claim. As the Eleventh Circuit has noted, "Forfeiture is a harsh penalty especially when the outcome is forced because of technical and procedural errors." Id. at 1329. In this case there does not appear to be any reason to impose such a harsh penalty on Coli, particularly where the procedural errors can be resolved with the filing of a verified claim.

In accordance with the foregoing, therefore, Plaintiff's Motion to Strike Answer (Doc. 21) is denied. Claimant, Cleon George Coli, shall have 20 days from the date of entry of this Order in which to file a claim that complies with the requirements of Supplemental Rule G(5). The Court notes that it does not accept Coli's answer as a substitute for the required

verified claim, and should Coli fail to file a timely verified claim as directed in this Order, his answer will be stricken.

**SO ORDERED**, this the 15th day of October, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls